IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**AMOREENA RYAN**, an individual,                    Civil Case No. 08-1465-KI

        Plaintiff,

    vs.                                                          OPINION AND ORDER

**HSC REAL ESTATE**, a Washington
Corporation,

        Defendant.

    Alex Golubitsky
    Case & Dusterhoff, LLP
    9800 SW Beaverton Hillsdale Hwy., Suite 200
    Beaverton, Oregon  97005

        Attorney for Plaintiff

    Medora A. Marisseau
    Karr Tuttle Campbell
    1201 Third Avenue, Suite 2900
    Seattle, Washington  98101

        Attorney for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Amoreena Ryan worked as a community manager at the Country Oaks apartment complex for defendant HSC Real Estate, Inc. ("HSC")  Ryan was fired two months after filing an OSHA complaint that employees had no access to a bathroom.  She alleges claims for discrimination for initiating a civil proceeding, in violation of ORS 659A.230, and for the tort of wrongful discharge.  Before the court is defendant's Motion for Summary Judgment (#39).  For the reasons below, I grant defendant's motion and dismiss this action.

### FACTS

HSC employed Ryan as a community manager at Country Oaks beginning on August 21, 2006.  Her job duties included overseeing an apartment complex, collecting rent, issuing notices, supervising staff, and making sure the property was running well.  John Crawford supervised Ryan.

Ryan first complained to Crawford about the lack of a bathroom at the office in late 2006 but never complained to anyone else at HSC about the bathroom situation.  Ryan found the bathroom situation unacceptable because she did not always have access to a clean bathroom.  At times she would have to use the bathroom at a different business.  Other times there were bathrooms which were not segregated by gender.  Occasionally, the bathrooms were being repaired and did not lock from the inside or have clean towels or hand drying facilities.

On February 9, 2007, Ryan leased an apartment at Orenco Gardens from HSC.  During her tenancy there, Ryan made several complaint about her carpet, about a car parked at the property, and about the property manager.

Page 2 - OPINION AND ORDER

On January 15, 2008,[1] Ryan received a 24-hour notice of termination from her apartment for activating the sprinkler in her apartment and causing extensive damage.

On February 1, Ryan submitted a complaint to OSHA that she had no bathroom at her place of work.  Ryan asked that her name not be revealed to HSC as the source of the complaint.  Ryan has no reason to believe that OSHA revealed her name to HSC.  OSHA informed HSC of the anonymous complaint on February 7 and asked for a response.  Crawford responded on February 16 and informed OSHA that employees may use the bathrooms in vacant units.

HSC policy requires that overtime must be authorized in advance of the employee working overtime.  On February 20, Crawford gave a formal written reprimand to Ryan for working unapproved overtime.  Ryan disputes that she did not receive prior approval for the overtime she worked but she did not raise her dispute with Crawford.

On March 3, OSHA sent HSC a letter stating that it would take no further action on Ryan's anonymous complaint.  OSHA also informed Ryan of its decision and how to dispute the result, but she did nothing further.

During March 2008, Ryan and HSC engaged in litigation over her eviction.  On March 9, they signed a Settlement Agreement and Release ("Settlement Agreement").  At the time Ryan signed the Settlement Agreement, she believed that HSC had retaliated against her.

On March 10, Crawford went on vacation and Amanda Madsen took over his duties as Ryan's supervisor.  Madsen received word that the power at one of the Country Oaks buildings which Ryan managed had been shut off.  Madsen determined that Ryan failed to forward an

---

[1] The rest of the material dates all occurred in 2008.

electric bill to HSC corporate headquarters, which was one of her duties.  Ryan states that it was

not her responsibility to pay this bill and she had made sure HSC was aware of it.

Madsen then discovered that Ryan had neglected to process accounts payable that were

past due in an amount of over $30,000 and had failed to deposit over $10,000 in checks.  On

March 14, Madsen terminated Ryan and asked Steve Davis, another HSC supervisor, to attend

the termination meeting as support.  Madsen terminated Ryan for poor performance concerning

the electric bill, the accounts payable, and the undeposited checks.  She had no knowledge of the

OSHA complaint Ryan filed.  No one told her to terminate Ryan.

At the meeting, Davis told Ryan after she was terminated, "[N]ow you can go use the

bathroom."  Madsen did not hear the comment and would not have understood its meaning if she

had heard it.

Ryan has no personal knowledge about who made the decision to terminate her and no

knowledge whether Madsen knew about Ryan's OSHA complaint.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact

and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The

initial burden is on the moving party to point out the absence of any genuine issue of material

fact.  Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate

through the production of probative evidence that there remains an issue of fact to be tried.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the

court "must view the evidence on summary judgment in the light most favorable to the

non-moving party and draw all reasonable inferences in favor of that party." <u>Nicholson v.</u>

<u>Hyannis Air Service, Inc.</u>, 580 F.3d 1116, 1122 n.1 (9th Cir. 2009) (internal quotation omitted).

## DISCUSSION

I.    <u>ORS 659A.230</u>

Ryan concedes that she is not entitled to relief under ORS 659A.230 for filing an OSHA

complaint against HSC.  The statute does not protect administrative complaints.  <u>Huber v. Dept.</u>

<u>of Educ.</u>, 235 Or. App. 230, 238, __ P.3d __ (2010).

Accordingly, I grant summary judgment and dismiss Ryan's ORS 659A.230 claim with

prejudice.

II.    <u>Wrongful Discharge</u>

HSC seeks summary judgment against Ryan's wrongful discharge claim under several

theories.  I will only address the first because it is dispositive of Ryan's claim as a matter of law.

HSC argues that ORS 654.062 is an exclusive statutory remedy which bars Ryan's common law

claim.  Ryan disagrees, contending that the fact she seeks compensatory damages in addition to

economic damages allows her to bring a common law claim because the statutory remedy does

not compensate for that type of damage.

Absent a contractual, statutory, or constitutional requirement, the general rule is that an

employer may discharge an employee at any time and for any reason.  <u>Babick v. Oregon Arena</u>

<u>Corp.</u>, 333 Or. 401, 407 n.2, 40 P.3d 1059 (2002).  Two exceptions exist.  The first is when an

employee is discharged for fulfilling an important public duty.  <u>Nees v. Hocks</u>, 272 Or. 210, 536

P.2d 512 (1975) ( discharged for serving on jury duty); <u>Delaney v. Taco Time Intl</u>, 297 Or. 10,

681 P.2d 114 (1984) (discharged for refusing to sign a false and arguably tortious statement).

The second is when the plaintiff is discharged for exercising a job-related right that reflects an important public policy. Brown v. Transcon Lines, 284 Or. 597, 588 P.2d 1087 (1978) (discharged for filing a workers' compensation claim but statutory remedy in place at the time was inadequate).

A plaintiff may not, however, bring a claim for the common law tort of wrongful discharge if the plaintiff has an adequate statutory remedy. Walsh v. Consol. Freightways, Inc., 278 Or. 347, 352-53, 563 P.2d 1205 (1978) (adequate federal statutory remedy existed for termination in retaliation for reporting safety or health violation). The Oregon Court of Appeals relied on Walsh in Deatherage v. Johnson, 230 Or. App. 422, 215 P.3d 125 (2009), when it held that "all appropriate relief" provided in the state statute prohibiting retaliation for reporting safety or health violations, ORS 654.062(5) and (6), was "not necessarily the only relief that is available in a circuit court case under ORS 654.062(6)(c)." Id. at 426 (noting that the court was not holding or suggesting what remedies were available under the statute).

ORS 654.062 provides two avenues of relief for an employee or prospective employee who claims to have been discriminated against for reporting a safety or health violation. The employee may file a civil action in court or may file a complaint with the commissioner of the Bureau of Labor and Industries. ORS 654.062(6)(a) and (c). In either case: "The commissioner or the circuit court may order all appropriate relief including rehiring or reinstatement to the employee's former position with back pay." ORS 654.062(6)(d). Notably, the commissioner is to process the complaint as if it alleged unlawful employment practices under ORS 659A.030(1)(f), which protects a person who "opposed any unlawful practice, or because

Page 6 - OPINION AND ORDER

that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so."

Remedies are specified in ORS 659A.885.  For actions alleging violations of ORS 659A.030, the court may award equitable relief, compensatory damages, and punitive damages.  ORS 659A.885(1) and (3)(a).  These are the same remedies available for the tort of wrongful discharge.  Thus ORS 654.062 provides an adequate statutory remedy for discrimination based on complaints about safety and health violations.  Under <u>Walsh</u>, Ryan is precluded from filing a wrongful discharge claim.  I grant summary judgment and dismiss the claim with prejudice.

## CONCLUSION

Defendant's Motion for Summary Judgment (#39) is granted.  This action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this _____11th_____ day of August, 2010.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge

Page 7 - OPINION AND ORDER